FILED

2022 JAN 18 PM 3:49

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Surgret Urania Doss**
    Plaintiff, *Pro Se*

CASE NO: 8:22 cv 144 SDM-TGW

vs

**William Foster**, In His Official Capacity
and As an Individual;
**Hillsborough County**, a Political Subdivision of the State of Florida;
**Dominick Desiato**, In His Official Capacity;
**Hillsborough County Sheriff's Office** and
**Sheriff Chad Chronister**, In His Offical Capacity
    Defendants

## COMPLAINT AND DEMAND FOR JURY TRIAL

Surgret Urania Doss, *Pro Se*, (Pro Se litigants must receive liberal construction of their pleadings. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).) brings this action against William Foster, In His Official Capacity and as an Individual, Hillsborough County, as a Political Subdivision, Dominick Desiato, in his Official Capacity, and Hillsborough County Sheriff's Office and Sherrif Chad Chronister, In His Official Capacity, and allege as follows:

### NATURE OF THE ACTION AND CLAIMS

1. This action stems from an incident occurring on January 16, 2018, inside the Traffic Court located at 419 N Pierce St, Tampa, FL 33602, within

Hillsborough County, Florida. William Foster, the traffic court hearing officer, hired by Hillsborough County and assigned to his position by the same, instructed the Bailiff, Dominick Desiato, and other Sheriff's Office deputies **("The Deputies")** under the supervision of Hillsborough County Sheriff's Office **("HCSO")** and Sheriff Chad Chronister, to "get" the cell phone of Surgret Doss **("Doss")**. When Doss refused, the deputies held him against his will and refused to release him, causing severe distress and fear for his safety.

2. Doss brings federal constitutional claims against defendants Foster, Desiato, and any later known deputies in their Offical capacities for committing acts under color of law that deprived Doss of his rights under the Constitution and laws of the United States.

3. Further, Doss brings federal constitutional claims against HCSO as the supervisory entity responsible for the conduct, training, and supervision of the Deputies under its charge. Chronister and HCSO failed to train The Deputies in the appropriate methods properly, proper procedures, and protocols concerning the Fourth Amendment of the United States Constitution when conducting an arrest or detainment of people witnessing official proceedings.

4. HCSO had a policy and custom that constituted deliberate indifference to Doss'constitutional rights, and HCSO's policy and custom deprived Doss of

his rights under the Constitution and the laws of the United States, resulting in the use of threat, intimidation, unlawful detention, false imprisonment, and

5. unreasonable intentional infliction of emotional distress when, as Doss was leaving the Hearing Room, The Deputies, under the instruction of Foster, surrounded Doss.

6. Lastly, Doss brings claims under the laws of the United States for Foster and the Deputies retaliatory acts against him for, as he believes and based upon comments made by one of The Deputies, enforcing his rights as a defendant in a criminal action that ended in Doss' favor.

## DOSS RESERVES HIS RIGHT TO AMEND THE COMPLAINT TO INCLUDE OTHER PARTIES NOT NAMED IN THIS COMPLAINT

7. Doss reserves his right to amend this complaint as appropriate with applicable federal law.

## JURISDICTION AND VENUE

8. Doss seeks relief under the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983 ( and the Civil Rights Act of 1871 and the Civil Rights Act of 1964); thus, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1343 because issues arise affecting Doss' Civil Rights.

10. This Court has jurisdiction over this matter pursuant to 28 USC §1391 because the incidents giving rise to this action occurred within this district.

11. Personal jurisdiction and venue are proper because Defendants, as described in this complaint, either conduct business in this District of Florida, their principal places of business, are in this District of Florida, they reside, or domicile in this District of Florida, or committed torts in this District of Florida, and the core facts giving rise to these claims took place in this Middle District of Florida.

## THE PARTIES

12. Surgret Doss is a citizen of the United States of American and an Honorably Discharged Veteran of the United States Army. At the time of the incidents cited herein, he was a resident of Hillsborough County, Florida.

13. At all times relevant to this action, William Foster **("Foster")** was a Traffic Court Hearing Officer and an employee of Hillsborough County, Florida. While acting within the scope of his employment, Foster participated in unconstitutional violations and other wrongful acts under the color of law. Accordingly, Doss sues Foster in his Official Capacity and as an individual.

14. Dominick Desiato (**"Desiato"**) was at all times relevant, a deputy employed by HCSO, under the supervision of Defendant Sheriff Chad Chronister, is being sued under his official capacity on the Fourth Amendment claim as he participated in the unconstitutional violations and other wrongful acts against Doss, he acted within the scope of his employment and under the color of law.

15. At all times material, Sheriff Chad Chronister (**"Chronister"**) is being sued in his capacity as Sheriff of Hillsborough County, Florida, and is responsible for training The Deputies under his control and supervision.

16. Hillsborough County (**"The County"**) is a political entity duly organized under the laws of Florida and responsible for the actions of its employees. The County is responsible for training all employees under their supervision. The Fourteenth Amendment makes the United States Constitution applicable to the states.

## BACKGROUND AND FACTS

17. In June of 2017, a (now retired) Tampa Police Department Officer (**"TPDO"**) and a (now retired) Judge (**"The Judge"**) from the 13th Judicial Circuit of Hillsborough County, Florida (**"The 13th"**), conspired and charged Doss with Perjury in an Official Proceeding (Case number 17-CF-9089).

18. For nearly seven months, Doss endured the stresses of having a five-year prison sentence, if convicted, over his head.

19. The State of Florida, in the criminal action, listed The Judge and TPDO as witnesses against Doss.

20. During the proceedings, Doss (as a self-represented defendant) appeared before several colleagues of The Judge, successfully having all of them either disqualify or recuse from the case.

21. The series of disqualifications and recusals prompted the Chief Judge of the 13th to send a letter to the (then) Chief Justice of the Florida Supreme Court, The Honorable Jorge Labarga.

22. The Honorable Jorge Labarga sent a Judge from outside the 13th to preside over the case.

23. Shortly after 9:00 am, on January 16, 2018, the visiting Judge arrived at the courthouse for the 13th. The proceeding lasted for just about an hour and a half.

24. After conducting a Feretta hearing and doing some fact-finding, the visiting Judge dismissed the action in favor of Doss.

25. After the dismissal, Doss met with a friend, Gary Patterson (**"GP"**), who had a traffic court hearing later that same afternoon.

26. Doss accompanied GP to his traffic hearing, sitting in the audience as a public observer. Doss did not cause a disturbance, nor did he commit any crime while watching the proceeding.

27. Foster was the hearing officer for GP's hearing, and Desiato, according to the Clerk of Court's Docket, was the Bailiff.

28. After watching GP complete his business before Foster, Doss prepared to leave the room.

29. Foster yelled out to Desiato and The Deputies to "get" his (Doss') cell phone as Doss approached the exit.

30. The Deputies blocked the exit and surrounded Doss, preventing him from leaving the room.

31. Doss stopped as not to cause a physical confrontation with the Deputies; however, they attempted to get him to give them his phone.

32. Although fearing for his safety, Doss refused to surrender his phone, and The Deputies prevented him from leaving the room for a considerable time.

33. While being held inside the hearing room, Doss overheard one of The Deputies say, "Why isn't he in jail?"

34. Eventually, The Deputies allowed Doss to leave the hearing room.

## COUNT ONE
## CLAIM UNDER 42 U.S.C. SECTION 1983 FOR VIOLATION OF DOSS' RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS

35. Doss incorporates all paragraphs above and sues Foster, Desiato, and The Deputies for acting individually and jointly under color of law and within the

scope of their employment, as they deprived Doss of his constitutional right to remain free from custody and other rights protected by federal law.

## RELIEF SOUGHT

WHEREFORE, Doss prays for the following relief:

a. Judgment for compensatory damages in excess of $100,000.00;

b. Judgment for exemplary or punitive damages in excess of $100,000.00;

c. Cost of suit;

d. Doss demands a Trial by jury as to all issues so triable;

e. and Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## 42 U.S.C. § 1983 – Illegal Detention and False Imprisonment
## (Fourth and Fourteenth Amendments)

36. Doss incorporates all paragraphs above and sues Foster, Desiato, and The Deputies for acting individually and jointly under color of law and within the scope of their employment, for false arrest and false imprisonment.

37. In as much as Defendants knew or should have known that DOSS was a non-threatening eyewitness, Defendant's actions when detaining and falsely

imprisoning DOSS, in the absence of probable cause or arguable probable cause, were taken without lawful authority. Therefore, said actions constitute the false arrest and false imprisonment of DOSS.

## RELIEF SOUGHT

WHEREFORE, Doss prays for the following relief:

a. Judgment for compensatory damages in excess of $100,000.00;

b. Judgment for exemplary or punitive damages in excess of $100,000.00;

c. Cost of suit;

d. Doss demands a Trial by jury as to all issues so triable;

e. and Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## DOSS SUES ALL DEFENDANTS FOR THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Doss incorporates all paragraphs above and sues Foster, Desiato, and The Deputies for acting individually and jointly under color of law and within the scope of their employment for intentional infliction of emotional distress.

## RELIEF SOUGHT

WHEREFORE, Doss prays for the following relief:

    a. Judgment for compensatory damages in excess of $100,000.00;

    b. Judgment for exemplary or punitive damages in excess of $100,000.00;

    c. Cost of suit;

    d. Doss demands a Trial by jury as to all issues so triable;

    e. and Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
### 42 U.S.C. § 1983 – Against Defendants Hillsborough County and Sheriff Chad Chronister for Failure to Supervise and Train Employees

39. Doss incorporates all paragraphs above and Sues Hillsborough County and Sheriff Chad Chronister for failing to train employees adequately.

### RELIEF SOUGHT

WHEREFORE, Doss prays for the following relief:

    a. Judgment for compensatory damages in excess of $100,000.00;

    b. Judgment for exemplary or punitive damages in excess of $100,000.00;

    c. Cost of suit;

    d. Doss demands a Trial by jury as to all issues so triable;

e. and Such other relief as this Honorable Court may deem just and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Doss prays that the Court

(a) Declare that all named Defendants' acts and conduct constituted violations of the Fourth and Fourteenth Amendments of the U.S. Constitution under 42 U.S.C. §§ 1983;

(b) Judgment in Plaintiff's favor as to all claims for relief;

(c) Award compensatory damages for the injuries Surgret Doss sustained due to Defendants' conduct for all economic and non-economic damages for costs, pain, suffering, humiliation, and emotional distress;

(d) Award punitive and exemplary damages, pre-judgment interest, post-judgment interest, costs, and other reasonable expenses incurred in maintaining this action;

(e) All other relief in law or equity to which Plaintiff is entitled and that the Court deems equitable, just, and proper.

## Demand for a Jury Trial

Plaintiff Surgret Urania Doss hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted on January 18, 2022,

by

*[signature]*

Surgret Urania Doss
3612 North 55th Street
Tampa, Florida 33619
surgretdoss@gmail.com
813-570-9617